UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

___

N.C., a minor, by and through his Parent
and Legal Guardian, MECHELLE CURRY,
and MECHELLE CURRY Individually,

    Plaintiffs,

v.                                                       No. _____
                                                          Jury Demanded

TOP JUMP LLC, d/b/a TOP JUMP
TRAMPOLINE & EXTREME ARENA,

    Defendant.

___

# COMPLAINT

___

COME NOW Plaintiffs, by and through undersigned counsel of record, and for cause of action against Defendant, Top Jump LLC, d/b/a Top Jump Trampoline & Extreme Arena (hereinafter "Top Jump") would respectfully state as follows:

## PARTIES

1. Plaintiff N.C. is a minor child and resident of Hamilton County, Ohio. Plaintiff N.C. brings this action by and through his parent and legal guardian, Mechelle Curry.

2. Plaintiff Mechelle Curry is the mother of N.C. and is an adult resident of Hamilton County, Ohio.

3. Upon information and belief, Defendant Top Jump is an active Tennessee Limited Liability Company licensed to do business in Tennessee.

4. Upon information and belief, Defendant Top Jump's principal office is located at 3735 Parkway, Pigeon Forge, Tennessee, and its registered agent for service of process is Devin Koester, 204 Parkway, Sevierville, Tennessee.

1

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to Plaintiffs exceed $75,000.00, exclusive of interests and costs, and because there is complete diversity of citizenship between the Plaintiffs and Defendant.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiffs' causes of action based in tort occurred in this district.

7. This Complaint was filed within the applicable statute of limitations pursuant to T.C.A. § 28-1-106 as the statute of limitations is tolled during the period of Plaintiff N.C.'s minority. The personal injuries giving rise to these claims accrued when N.C. was a minor child, and N.C. is still a minor child at the time of this filing. This Complaint was also filed within the applicable statute of limitations pursuant to T.C.A. § 28-3-104 as the personal injuries giving rise to Plaintiff Mechelle Curry's claims accrued within one year of the filing of this Complaint.

## FACTUAL ALLEGATIONS

8. At all times pertinent to this Complaint, Defendant Top Jump LLC was the operator of a business known as Top Jump Trampoline & Extreme Arena, which is located at 3735 Parkway, Pigeon Forge, Sevier County, Tennessee.

9. Top Jump is an indoor attraction park open to the public for purposes of entertainment. It offers children and adults indoor rock climbing and trampoline park activities.

10. Indoor rock climbing is an inherently dangerous activity.

11. On or about July 27, 2020, Plaintiff N.C. who was eleven (11) years old at the time was an invitee of Top Jump and went there while on a family vacation.

12. At approximately 7:00 p.m. on July 27, 2020, Plaintiff N.C. entered Top Jump's designated climbing area to participate in Top Jump's Clip 'n Climb Cliffhanger Challenges.

13. Upon information and belief, Top Jump's Clip 'n Climb Cliffhanger Challenges consist of an arena of 21 climbing line activities at a wide range of skill and experience levels.

14. Upon information and belief, Top Jump's climbing line activities are operated by automatic belay devices that allow patrons to clip in and climb a wall and/or obstacle by attaching a climbing line to their "safety harness."

15. The purpose of an automatic belay device is to take up slack as a climber climbs a wall so that when the climber reaches the top and is ready to descend back to the ground, the device automatically catches the climber and slowly lowers them to the ground. To properly use an automatic belay device, the climbing line must be correctly clipped onto the belay loop on a climber's "safety harness."

16. Upon information and belief, Top Jump allows children to operate its automatic belay devices and/or climbing lines without supervision.

17. Upon information and belief, Top Jump allows children to clip an automatic belay device and/or climbing line to their "safety harness" without supervision.

18. Plaintiff N.C. had no experience in operating an automatic belay device and had never participated in Top Jump's indoor climbing activities prior to July 27, 2020.

19. Although Plaintiff N.C. had no experience in operating an automatic belay device, Top Jump did not require Plaintiff N.C. to pass any type of training, skills, or climbing knowledge class before climbing, and Top Jump's staff, agents and/or employees did not test his ability or knowledge before allowing him to do so.

20. After entering a hallway near the climbing area, Plaintiff N.C. was given a "safety harness." At the time he was given a "safety harness," he was not provided with any instructions on how to correctly use it or even put it on.

21. A Top Jump employee did not help Plaintiff N.C. put on the "safety harness." Plaintiff N.C. put on the "safety harness" by himself without help and supervision.

22. Upon information and belief, Top Jump requires that patrons must have their "safety harness" checked by a staff member prior to climbing.

23. Despite Top Jump's rule requiring patrons to have their "safety harness" checked by a staff member, Top Jump staff, agents and/or employees failed to check Plaintiff N.C.'s "safety harness" before he began climbing.

24. Upon information and belief, Top Jump allowed Plaintiff N.C. to enter Top Jump's climbing arena and operate its climbing equipment without supervision.

25. Upon information and belief, Top Jump allowed Plaintiff N.C. to use its automatic-belay devices and clip a climbing line to his "safety harness" without supervision.

26. Upon information and belief, there were no warning signs near the climbing lines and/or climbing walls nor any safety measures taken by Top Jump inside the actual climbing arena to warn or inform customers and children on how to correctly use the climbing equipment and/or automatic belay devices.

27. Upon information and belief, there was not an attendant and/or employee on duty at each of the 21 climbing line activities. Top Jump was understaffed as there was not a sufficient number of employees on duty.

28. Plaintiff N.C. asked a Top Jump employee within the climbing arena to assist him with the climbing equipment, but he was ignored.

29. Due to Top Jump's failure to assist Plaintiff N.C. in operating the automatic belay devices and climbing equipment, Plaintiff's thirteen (13) year-old God-sister helped him clip his "safety harness" to the line of a climbing activity called "Dark Tower."

30. "Dark Tower" is a dark climbing wall that allows patrons to climb a wall within an enclosed and dark space.

31. On July 27, 2020, the lights on the wall inside of "Dark Tower" were not working properly and/or were broken.

32. Upon information and belief, there were no Top Jump staff, agents and/or employees near or within the "Dark Tower" at the time Plaintiff N.C. began climbing inside the enclosed wall.

33. After Plaintiff N.C. reached the top of the wall inside of "Dark Tower", he released himself from the wall to descend to the ground.

34. When Plaintiff N.C. released himself to descend to the ground, Top Jump's climbing equipment failed causing Plaintiff to severely injure himself.

35. Upon information and belief, the climbing line did not catch Plaintiff N.C. and the climbing safety equipment severely ripped Plaintiff's skin and his right nipple.

36. Lack of supervision by Top Jump staff, agents and/or employees allowed Plaintiff N.C. to climb a wall even though it could visually be seen that the automatic belay was not correctly in place.

37. At all times relevant hereto, Plaintiff N.C. was exercising care and caution for his own safety.

38. Upon information and belief, Plaintiff N.C.'s fall was recorded by security cameras that were in the complete custody and control of Top Jump.

39. To date, Top Jump has refused to produce the video from the incident to the Plaintiffs. Plaintiffs sent a preservation letter to Top Jump on August 10, 2020, advising it to preserve any video, photographs, recordings, reports, records, and or notes that relate to the subject incident.

40. To date, Top Jump has also refused to allow Plaintiffs' expert to inspect Top Jump's premises.

41. Plaintiff N.C.'s fall and damages to his skin were in such a manner as to incur permanent scarring and serious injury to his right chest and nipple, and Plaintiff required emergency medical treatment, surgery, and follow-up care.

42. As a direct and proximate result of the Defendant's negligent failure to safely maintain the premises and properly monitor and supervise Plaintiff N.C. while participating in an inherently dangerous activity, Plaintiff N.C. suffered severe and permanent personal injuries and damages.

43. As a direct and proximate result of the Defendant's negligent failure to safely maintain the premises and properly monitor and supervise Plaintiff N.C. while participating in an inherently dangerous activity, Plaintiff N.C. has fears of rock climbing, jumping on trampolines, and height activities.

44. As a direct and proximate cause of the Defendant's negligent failure to safely maintain the premises and properly monitor and supervise Plaintiff N.C. while participating in an inherently dangerous activity, Plaintiff N.C. continues to endure emotional distress and embarrassment due to the severe injury and scarring he sustained to his chest.

## COUNT I

## NEGLIGENCE

45. Plaintiffs repeat the allegations contained in paragraphs 1-44 as though set forth verbatim.

46. Defendant Top Jump LLC, through the actions and/or inactions of its staff, employees and/or agents, was negligent in its failure to adequately and safely supervise the grounds of Top Jump where Plaintiff N.C. and the public were invited guests.

47. Defendant Top Jump LLC, through the actions and/or inactions of its staff, employees and/or agents, was negligent in its failure to adequately train and supervise Plaintiff N.C. and other invitees operating its automatic belay devices, climbing lines, and/or climbing equipment.

48. Defendant Top Jump LLC through the actions or inactions of its staff, employees and/or agents, were further negligent based on the following actions or inactions:

   a. failing to provide sufficient warnings and safety measures within the climbing arena;
   b. failing to require that Plaintiff N.C. and other invitees under the age of 14 be properly monitored and supervised when engaging in climbing activities and operation of an automatic belay device;

    c.    failing to require that Plaintiff N.C. and other invitees under the age of 14 be clipped into an automatic belay device by an adult;

    d.    failing to properly warn patrons, including Plaintiff N.C., of the unreasonable risk of harm when an automatic belay device is not correctly used;

    e.    failing to correct an unsafe condition that could be visibly seen had Top Jump provided proper supervision;

    f.    failing to provide adequate staff to supervise all climbing activities to make sure that rules are enforced and that climbers are climbing safely;

    g.    failing to create and/or maintain a safe environment for invitees on their property;

    h.    failing to provide a sufficient number of competent attendants to supervise invitees;

    i.    failing to consistently inspect enclosed and dark spaces to ensure that climbers are climbing safely;

    j.    failing to provide a basic training class to ensure and certify that Plaintiff N.C. and other invitees understand proper techniques for climbing walls and operating an automatic belay device; and

    k.    failing to help customers and guests avoid injury by adequately warning them of the existence of the dangerous condition.

49.    Plaintiff alleges Top Jump either knew or by the exercise of reasonable care should have known that there is a great risk of danger to children who operate automatic belay devices and/or climbing equipment without proper and adequate supervision.

50.    Plaintiff alleges Top Jump either knew or by the exercise of reasonable care should have known that allowing children to climb a wall within a dark and dimly lit enclosed space is an even more hazardous and dangerous condition when operated without proper and adequate supervision.

51. Plaintiff alleges that Top Jump either knew or by the exercise of reasonable care should have known that indoor rock climbing is an inherently dangerous activity that involves substantial risk, and that proper precautionary measures must be taken to prevent injuries to children.

52. Defendant Top Jump created these inherently dangers conditions on the premises and had actual and/or constructive notice of the dangerous condition that caused Plaintiff N.C. to fall and injure himself.

53. The injuries and damages enumerated below that Plaintiffs suffered were foreseeable and the direct and proximate result of the negligence of Defendant Top Jump LLC via its employees.

54. As a direct and proximate result of the negligence of Defendant, Plaintiffs endured pain and suffering, emotional distress, and trauma, and Plaintiff N.C. endured permanent scarring, pain and suffering, and sustained physical injuries.

55. As a direct and proximate result of the Defendant's negligent failure to safely maintain the premises and properly monitor and supervise Plaintiff N.C. while participating in an inherently dangerous activity, Plaintiff N.C. has fears of rock climbing, jumping on trampolines, and height activities.

56. As a direct and proximate cause of the Defendant's negligent failure to safely maintain the premises and properly monitor and supervise Plaintiff N.C. while participating in an inherently dangerous activity, Plaintiff N.C. continues to endure emotional distress and embarrassment due to the severe injury and scarring he sustained to his chest.

## COUNT II
### NEGLIGENT HIRING, SUPERVISION, AND TRAINING

57. Plaintiffs repeat the allegations in paragraphs 1-56 as though set forth verbatim.

58. Defendant had a duty to properly hire, supervise, and train their staff, employees, and agents such that they would be in a position to keep the premises in a safe condition.

59.     Given the inherently dangerous nature of climbing activities, Defendant had an additional duty to hire, supervise, and train their staff, employees, and agents on proper safety measures to prevent injury to Plaintiff N.C. and other invitees.

60.     Defendant breached that duty by not properly hiring, supervising, and/or training their staff, employees, and agents in effectively keeping the premises safe at and around the climbing arena.

61.     Defendant Top Jump LLC's staff, employees, and agents failed to adhere to safety policies and procedures required of them.

62.     Defendant Top Jump LLC's staff, employees, and agents neglected to enforce the rules and maintain Top Jump's automatic belay devices and climbing equipment in a safe condition.

63.     The injuries and damages enumerated below that Plaintiffs suffered were foreseeable and the direct and proximate result of Defendant's improper hiring, supervision, and training of its staff, employees, and agents.

64.     As a direct and proximate result of the negligence of Defendant's negligent hiring, supervision, and training of its staff, employees, and agents, Plaintiffs endured pain and suffering, emotional distress, and trauma, and Plaintiff N.C. endured permanent scarring, pain and suffering, and sustained physical injuries.

65.     As a direct and proximate result of the Defendant's negligent failure to safely maintain the premises and properly monitor and supervise Plaintiff N.C. while participating in an inherently dangerous activity, Plaintiff N.C. has fears of rock climbing, jumping on trampolines, and height activities.

66.     As a direct and proximate cause of the Defendant's negligent failure to safely maintain the premises and properly monitor and supervise Plaintiff N.C. while participating in an inherently dangerous activity, Plaintiff N.C. continues to endure emotional distress and embarrassment due to the severe injury and scarring he sustained to his chest.

9
Case 3:21-cv-00198-TRM-HBG   Document 1   Filed 06/02/21   Page 9 of 13   PageID #: 9

## COUNT III

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

67. Plaintiffs repeat the allegations in paragraphs 1-66 as though set forth verbatim.

68. Upon information and belief, Defendant maintained personnel on or around the premises, as employees who were responsible for and/or involved in maintaining the safety at or around the premises.

69. The staff, employees and/or agents of Top Jump had a duty to Plaintiff N.C. and to other patrons to take reasonable measures to ensure the safety of the premises.

70. The staff, employees, and/or agents of Top Jump breached that duty by failing to provide proper and adequate supervision over Plaintiff N.C. and other invitees.

71. The injuries and damages enumerated below that Plaintiffs suffered were foreseeable and the direct and proximate result of Defendant's improper hiring, supervision, and training of its staff, employees, and agents.

72. As a direct and proximate result of the negligence of Defendant's negligent hiring, supervision, and training of its staff, employees, and agents, Plaintiffs endured pain and suffering, emotional distress, and trauma, and Plaintiff N.C. endured permanent scarring, pain and suffering, and sustained physical injuries.

73. As a direct and proximate result of the Defendant's negligent failure to safely maintain the premises and properly monitor and supervise Plaintiff N.C. while participating in an inherently dangerous activity, Plaintiff N.C. has fears of rock climbing, jumping on trampolines, and height activities.

74. As a direct and proximate cause of the Defendant's negligent failure to safely maintain the premises and properly monitor and supervise Plaintiff N.C. while participating in an inherently dangerous activity, Plaintiff N.C. continues to endure emotional distress and embarrassment due to the severe injury and scarring he sustained to his chest.

75. Any negligent acts and/or omissions by the employees, staff, or agents of Defendant Top Jump are imputed to Defendant Top Jump pursuant to the doctrines of *respondeat superior*, vicarious liability, master-servant, and actual/apparent agency.

## COUNT IV
## RECKLESSNESS

76. Plaintiffs repeat the allegations in paragraphs 1-75 as though set forth verbatim.

77. Plaintiffs allege that Top Jump either knew or should have known that indoor rock climbing is an inherently dangerous activity that involves substantial risk, and that proper precautionary measures must be taken to prevent injuries to children.

78. Plaintiffs allege that Top Jump was understaffed based upon the size of the climbing arena and number of patrons using the facility.

79. Plaintiffs allege that the actions of Defendant of failing to supervise its invitees and failing to take adequate measures to ensure the safety of its invitees amounted to reckless conduct and/or a deliberate indifference to the safety and welfare of minor children when involved in an inherently dangerous activity.

80. As a result of Defendant's reckless conduct and deliberate indifference to the safety and welfare of minor children when involved in an inherently dangerous activity, Plaintiffs are also entitled to punitive damages.

## DAMAGES

81. Plaintiffs repeat the allegations in paragraphs 1-80 as though set forth verbatim.

82. Pursuant to T.C.A. § 24-5-113(a), medical bills and expenses of Plaintiff N.C. directly and proximately caused by the acts and omissions of the Defendants are attached hereto as **EXHIBIT A** and itemized as follows and are presumed necessary and reasonable:

   a. Leconte Medical Center                                $1,187.61
   b. Southeastern Emergency Physicians, LLC                $1,066.00
   c. East Tennessee Pediatric Surgery Group                $ 819.00
   d. Cincinnati Children's Hospital Medical Center         $ 456.00

|  |  |  |
|---|---|---|
| e. Mary Kathleen Kerrey, MD | $ | 271.00 |
| TOTAL: | | $3,799.61 |

83. Pursuant to T.C.A. § 24-5-113(b), medical bills and expenses of Plaintiff N.C. directly and proximately caused by the acts and omissions of the Defendants are attached hereto as **EXHIBIT B** and itemized as follows and are presumed reasonable:

|  |  |  |
|---|---|---|
| a. Sevier County EMS | $ | 1,289.00 |
| b. East Tennessee Children's Hospital | $ | 9,127.23 |
| c. Lynn M. Olberding, MSN, APRN, CPNP | $ | 492.00 |
| d. Erin E. Butt, APRN-CNP | $ | 329.00 |
| TOTAL: | | $11,237.23[1] |

84. As a direct and proximate result of the negligence of the Defendant described herein, Plaintiff N.C. was caused to suffer the following injuries and damages:

   a. extensive, severe, and permanent physical injuries;

   b. physical pain and suffering – past, present, and future;

   c. emotional suffering – past, present, and future;

   d. loss of enjoyment of life;

   e. permanent scarring; and

   f. all such further relief, both general and specific, to which he may be entitled under the premises.

85. As a direct and proximate result of the negligence of Defendant described herein, Plaintiff Mechelle Curry was caused to suffer the following injuries and damages:

   a. medical bills and expenses of Plaintiff N.C. – past, present, and future;

   b. incidental and consequential damages stemming from attending to the injuries of her son; and

---

[1] Medical treatment is not complete, and these amounts will be increased. Upon completion of Plaintiff N.C.'s treatment, the Complaint will be amended or the information will be supplemented in discovery.

c. all such further relief, both general and specific, to which she may be entitled under the premises.

## RELIEF SOUGHT

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray:

(1) That the Plaintiff N.C. be awarded the present cash value of any medical care and treatment that he will have to undergo;

(2) That the Plaintiff N.C. be awarded special damages for medical, hospital, and doctor's expenses incurred and expected to be incurred in the future according to the proof;

(3) That the Plaintiff N.C. be awarded compensatory damages in the amount of $250,000.00 (Two Hundred Fifty Thousand Dollars);

(4) That the Plaintiff Mechelle Curry be awarded compensatory damages in the amount of $250,000.00 (Two Hundred Fifty Thousand Dollars);

(5) Punitive damages;

(6) That the Plaintiffs be awarded pre-judgment and post-judgment interest;

(7) That a jury be empanelled to try the issues when joined; and

(8) That Plaintiffs be granted such other and favorable relief, both general and specific which they may be entitled.

**RESPECTFULLY SUBMITTED** this the 2nd day of June, 2021.

**THE COCHRAN FIRM MEMPHIS**

*/s/ Howard B. Manis*
Howard B. Manis (BPR #16202)
Andrew C. Clarke (BPR #15409)
One Commerce Square, Suite 1700
Memphis, Tennessee 38103
P: 901-523-1222
F: 901-523-1999
hmanis@cochranfirmmidsouth.com
aclarke@cochranfirmmidsouth.com

*Attorneys for Plaintiffs*